Weygandt, 0. J.
According to the relator’s petition he duly became a regular and permanent fireman in the classified service of the city of Cleveland March 22,1920. Approximately eight years later he was duly promoted and appointed to a permanent position in the rank of marine engineer. He held this higher rank for more than thirteen years until September 15, 1941, *208 when he was informed by the respondents that as of that date he was appointed temporarily to the lower rank of engineer because the city had discontinued the use of fire boats, thus rendering it unnecessary to continue to employ marine engineers. The respondents have refused to accord the relator a permanent appointment as an engineer.
The relator does not complain of his present appointment to the slightly lower-salaried rank of engineer, since marine engineers are no longer needed by the city. Rather, his grievance is the refusal of the respondents to make the appointment permanent instead of merely temporary. He relies upon the provisions of Sections 486-17 and 486-176, General Code, relating to the civil service commissioners, and 4368 and 4382, relating to the director of public safety. However, it is unnecessary to quote more than Section 486-176, General Code, which reads as follows:
“Whenever it becomes necessary in a police or fire department, through lack of work or funds or for causes other than those outlined in Section 486-17a of the G-eneral Code, to reduce the force in such department, the youngest employee in point of service shall be first laid off. Should a position in the police or fire department once abolished or made unnecessary be found necessary to be recreated or reestablished within two years from the date of abolishment, or should a vacancy occur through death, resignation, or through any other cause within two years from the date of the abolishment of the position or lay off, the oldest employee in point of service of those laid off shall be entitled to same providing he was at the date of his separation a regular and permanent employee. When a position above the rank of patrolman in the police department and above the rank of regular fireman in the fire- department is abolished and the incumbent has been permanently appointed in accordance with the provisions of this act, he shall be demoted to *209 the next lower rank and the yonngest officer in point of service in the next lower rank shall be demoted, and so on down until the youngest person in point of service has been reached, who shall be laid off.”
The respondents contend that there is no difference in “rank” between an engineer and a marine engineer. If left to inference, a difference in salary might not connote a difference in rank. However, the intention of the General Assembly in this respect is manifested by cognate Section 486-15a, General Code, which provides that for “the purpose of this section, an increase in the salary or other compensation of anyone holding a position in a police or fire department, beyond that fixed for the grade or rank in which such position is classified, shall be deemed a promotion.”
The respondents contend further that there has been no reduction in the force in that department.- They insist that the position still is in existence but that the ■discontinuance of the use of fire boats simply has made it unnecessary for the-city to continue to employ marine engineers. It is insisted further that the relator is not entitled even to his present temporary appointment, .and that his sole right is to reinstatement in the event that the city should resume the use of fire boats and re employ marine firemen. This court finds itself unable to reconcile the views that the former marine engineers are entitled to no present position in that department, and yet there has been no reduction in the force. The mere statement of the contention is its own refutation. It of course is true that the relator is not entitled to his present temporary appointment, inasmuch as there is no legal sanction whatsoever for such an appointment for a period in excess of ninety days — - the limit fixed by Section 486-14, General Code. Nevertheless the relator now. has been so serving for more than nine months. But he clearly is entitled to a permanent appointment in that rank. This view is in conformity with both the spirit and the letter of the civil *210 service statutes. It would effect a fantastic result if every promotion were to carry with it the inherent penalty of ouster from the entire department in the event that the officer’s services in the higher rank-should become unnecessary, thereby leaving him remediless except for the remote contingency that his services in the higher rank might again be desired at some future time.
The writ is allowed in conformity with the prayer of the relator’s petition.

Writ allowed.

Williams, Matthias, Hart and Zimmerman, JJ., concur.